UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

        Plaintiff,

v.                                                                                          Case No. 12-10393
                                                                              Hon. Stephen J. Murphy, III
AT&T                                                                                      Magistrate Judge Laurie J. Michelson

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO**
**DISMISS PLAINTIFF'S COMPLAINT (DKT. 1)**

### I.    Background

This is the latest in a series of virtually incomprehensible lawsuits brought in the last year-and-a-half by *pro se* Plaintiff Kristopher Dorr ("Plaintiff" or "Dorr") – including the second against AT&T.

In the current iteration, Plaintiff alleges that, since 2006, Defendant AT&T has been randomly monitoring his oral and electronic communications with the Detroit Police Department and the State of Michigan Department of Corrections without a court order, warrant or certificate from the U.S. Attorney General's office. (Dkt. 1, Compl., Pg. ID 1.) Plaintiff alleges that he was admitted to two psychiatric hospitals in 2006 and diagnosed as schizophrenic based on his belief that AT&T was talking through his wireless phone and the GPS device on his vehicle. (*Id.*) Plaintiff claims that, according to his psychotherapist, his psychotic episodes were triggered by the stress caused by AT&T's illegal activity. (*Id.*) Plaintiff's Complaint identifies other set-backs he allegedly endured as a result of AT&T's random monitoring – including losing his home, repossession of his vehicle and moving his residence numerous times. (*Id.*) According to Plaintiff, at several apartment complexes where he was living, he was being monitored by the police and their

informants through the apartment intercom system. (*Id.*)

Plaintiff's Complaint goes on to allege that, "Police informants have tried to coerce me into committing illegal acts so that they can justify why they have randomly intercepted my electronic and aural communications. I recently discovered that these informants are using CB radios and Amateur radio services by connecting their cellular phones to them and having AT&T tie the phones at multiple public switch network locations." (*Id.*) Plaintiff claims that his historic cell site data and satellite imagery he has recorded reveal an AT&T communications connection that is connected to a maritime vessel in the Gulf of Guinea off the African coast – but he is not aware of any friends or family living on such a vessel. (*Id.*)

Plaintiff filed this lawsuit on January 30, 2012. (Dkt. 1.) He claims that AT&T is a state actor and he alleges that, as a result of AT&T's alleged unlawful monitoring, they have violated numerous state and federal criminal statutes as well as 42 U.S.C. § 1983. (*Id.* at Pg ID 2.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted on February 6, 2012. (Dkt. 3.) The case has been referred to this Court for all pretrial proceedings. (Dkt. 4.)

**II.    Analysis**

In cases where a plaintiff has been permitted to proceed *in forma pauperis*, the Court must consider whether the action is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of the case is appropriate

where "the claim is based on an indisputably meritless legal theory[.]" *Wilson* v. *Yaklich,* 148 F.3d 596, 600 (6th Cir. 1998). Moreover, an IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* at 327-28.

Plaintiff's Complaint consists of a two-page narrative, summarized above. (Dkt. 1, Pg ID 1.) The remaining 100 pages of attachments contain Plaintiff's medical records and documents that Plaintiff characterizes as "proof of installation of [AT&T's] computer device (IP addresses) to my cellular phone (private place) by way of the public switched network." (*Id.*, Pg ID 2-99.) The Court finds, as others have when faced with similar allegations, that "Plaintiff's Complaint is frivolous, as his allegations are clearly baseless and delusional." *Dorr v. City of Detroit*, No. 11-13369 (E.D. Mich. Aug. 10, 2011); *see also Dorr v. Ford Motor Co.*, No. 11-11542, 2011 U.S. Dist. LEXIS 45198 (E.D. Mich. Apr. 27, 2011) ("Plaintiff's claims are conclusory, incoherent, and fail to establish federal jurisdiction. Thus, Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief can be granted."), *aff'd*, No. 11-1681 (6th Cir. Dec. 14, 2011); *Dorr v. AT&T*, No. 10-14583 (E.D. Mich. Dec. 27, 2010) (dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) where Plaintiff failed to state any cognizable civil rights claim).

### III. Conclusion

Accordingly, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. Filing Objections

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

          s/Laurie J. Michelson
          LAURIE J. MICHELSON
          UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 16, 2012.

          s/Jane Johnson
          Deputy Clerk