UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

    Plaintiff,

v.

AT&T COMMUNICATIONS OF
MICHIGAN, INC.,

    Defendant.
                                              /

Case No. 12-cv-10393

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING THE REPORT AND
RECOMMENDATION (docket no. 6) AND DISMISSING THE COMPLAINT**

    Pro se plaintiff Kristopher Dorr filed this action against AT&T Communications of Michigan, Inc., alleging that AT&T has been monitoring his cell phone communications in violation of various state and federal statutes and the Constitution. The Court approved his application to proceed *in forma pauperis*, and pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter was referred to a magistrate judge to consider whether the complaint is frivolous or fails to state a claim. Order Granting Application to Proceed In Forma Pauperis, ECF No. 3; Order Referring Pretrial Matters, ECF No. 4. In a Report and Recommendation issued February 16, 2012, the magistrate judge, having reviewed the complaint and determined that it is frivolous and that Dorr's allegations are baseless and delusional, recommended summary dismissal. Report & Recommendation, ECF No. 6.

    Civil Rule 72(b) governs the Court's review of a magistrate judge's report. Fed. R. Civ. P. 72. The Court is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S.

140, 150 (1985). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Dorr's objection, although timely, does not merit de novo review because it is merely "a general objection" to the entire Report. *See id.* In it, Dorr reviews the procedural history of his claim,"reminds the court" of the evidence he has already presented, and states that he has attached new evidence that "the Warren, MI Police Department [is] also conducting eavesdropping and surveillance on his cellular phone," and that there are "more people that is [sic] conducting illegal eavesdropping and surveillance from within the mainland of Africa." Objection ¶ 5, ¶ 8, ECF No. 7. His only explicit reference to the Report is to state generally, that "because of the of the points outlined above and the evidence presented in this court action thus far, plaintiff is objecting to the Report and Recommendation . . . ." Objection at 2. Accordingly, because Dorr does not make any specific objections to the magistrate judge's recommendations, aside from total disagreement with the outcome, his objections have "the same effect as . . . a failure to object." *Howard*, 932 F.2d at 509. The Court may adopt the Report without elaboration. *See Thomas*, 474 U.S. at 150.

The Court has reviewed the record and the magistrate judge's Report and finds that the magistrate judge's analysis is proper. The Court will adopt the Report and dismiss the case.

### ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 6) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 5, 2012


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2012, by electronic and/or ordinary mail.

                                        Carol Cohron
                                        Case Manager